LEON OBERTZ, BY VICTORIA OBERTZ, HIS NEXT FRIEND, AND VICTORIA OBERTZ, INDIVIDUALLY, PLAINTIFFS, v. LOUIS GINSBERG AND LOUIS HYMAN, TRADING UNDER THE FIRM NAME AND STYLE OF THE MIDDLE-SEX GLASS COMPANY, DEFENDANTS.

Submitted May 11, 1928—Decided November 30, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs, *David T. Wilentz.*

For the defendants, *Frank G. Turner.*

PER CURIAM.

The infant plaintiff was struck by the defendants' auto truck as it was turning a corner. There was a verdict in his favor for $1,500 and for his mother *per quod* of $500. The reasons assigned are that the verdicts are excessive and particularly because the injuries claimed are not shown to be due to the accident.

In view of the fact that it is not claimed that a verdict in favor of the plaintiffs was against the weight of the evidence, we are not concerned with the circumstances of the accident, and, therefore, necessarily assume that some verdict in favor of the plaintiffs was proper. With respect to the amount of damages, it appeared on the trial that the boy plaintiff was slow of comprehension and hard of hearing; his mother said he had always been slow witted. This would seem to account

for the inconsistence in his story about what doctors had treated him. It was clear that just after the accident he had been treated by a general practitioner who dealt with superficial injuries, cuts, scratches and bruises, and testified that he noticed nothing about the boy's nose or ear that required treatment, and that nothing was said to him about them. Some six months later the boy was taken to a specialist who examined the nose and ear, and found, as he testified, that the ear drum had been broken and the break had healed over with thin tissue, but not as it should be, and that the nose had been rather badly broken, one nostril being entirely stopped and the other partially so, and that an operation would be required to remedy the condition at a cost of $100. An X-ray to test whether there had been a fracture of the skull resulted negatively. The trial judge seemed to have considerable doubt whether these injuries were the result of the accident, but left this to the jury, and it is plain that the jury found that they were. If this finding was a proper one, the verdicts could not be called excessive, as troubles with the nose and ear are now generally recognized as serious in character and requiring careful attention.

From an examination of the case, it is quite reasonable to infer that the boy was stupid when he was examined by the first doctor, and possibly that the latter failed to give the case the thorough examination that might have been given to it and which would, in all reasonable probability, have resulted in the discovery of these serious injuries in time to deal with them more effectively. However this may be, there is no reason to charge this result upon the plaintiffs.

Our conclusion is that the rule should be discharged.